UNITED STATES DISTRICT COURT
                           DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

ROY DAVID EVANS, Jr.,                          Criminal Action No. PX-16-0421

      Defendant.


                        **MEMORANDUM OPINION AND ORDER**

  Pending before the Court is Defendant Roy David Evans' Motion to Continue Trial. ECF No. 57.  For the following reasons, Defendant's Motion is **GRANTED.**

**I.    Background**

  On August 22, 2016, Defendant Roy David Evans was charged in a six-count indictment with one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b); two counts of receipt of child pornography, in violation of 18 U.S.C § 2252A(a)(2); two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  These counts relate to Minor #1 who is 16 years old currently and was fourteen years old at the time of the alleged crimes. ECF No. 1.

  On August 29, 2017, the grand jury returned a fourteen-count superseding indictment, charging Mr. Evans with additional and similar counts related to two other minors.  Minor #2 was 15 years old at the time of the alleged incidents and is 17 years old now.  Minor #3 was fourteen years old at the time of the alleged incidents and is now 16 years old now. ECF No. 36.

  Trial was originally scheduled to begin October 4, 2017.  Evans, through retained counsel, moved for a continuance to retain a forensic expert. ECF No. 44. During the course of

that process, and while the Court initially denied that motion, it came to the Court's attention that this case is far more complex, and the discovery vast in its kind and breadth, than what appeared at first blush. Accordingly, on September 25, 2017, the Court designated this case formally as complex and appointed the Federal Public Defender to represent the Defendant in addition to Mr. Owens. The Court did so after reviewing Mr. Evans' financial affidavit and finding that he no longer has resources to pay for additional retained counsel going forward, nor does he have funds to pay for any necessary experts at trial or, in the event he is convicted, at sentencing. At that time, the Court also set a new trial date to begin in January 2018, but this date was chosen without the input of new defense counsel, and it was acknowledged that the Court may postpone the trial to a later date if sufficient justification is made.

Thereafter, Assistant Federal Public Defender, Andrew Szekely, was appointed specifically to represent Mr. Evans. On November 6, 2017, during a recorded status conference, Mr. Szekely requested additional time beyond the January 30, 2018 trial date to prepare. The Government objected, arguing that under 18 U.S.C. § 3509(j), a speedier trial date is warranted, and should the court disagree, it must make written findings of fact and conclusions of law. After receiving additional briefing from both parties (ECF Nos. 57, 58), the Court is prepared to do so now.

## II.     Findings of Fact

1.     Defendant is charged in a fourteen count indictment with extremely serious offenses, carrying substantial criminal penalties, including several mandatory minimum terms of imprisonment of at least fifteen years. If convicted of all fourteen counts, Defendant risks spending the better part of his remaining life in prison.

2. Defendant consents to continue the trial date beyond January 30, 2018.

3. New defense counsel, Andrew Szekely of the Office of the Federal Public Defender, was appointed in late September 2017. Were this case to proceed in January, Mr. Szekely would have had just four months to prepare this case in addition to the many other cases for which he is responsible. Mr. Szekely has informed the Court that his criminal docket is otherwise heavy and requires additional time to prepare for trial in this case. Given that Mr. Szekely intends to play an active and integral part of Mr. Evans' defense, a January 2018 does not provide sufficient time for Mr. Szekely to prepare in a constitutionally adequate manner.

4. Ms. Szekely has retained and is using a computer forensic expert and an investigator, both of whom need additional time to complete the tasks related to their roles in the defense case. For example, as part of the investigation, the defense investigator is awaiting documents from outstanding records requests.

5. Discovery produced or available for review is voluminous. It consists of evidence recovered from the execution of 14 search warrants (including photographic and video evidence), two photo arrays, and 5,000 pages of non-bates numbered discovery. The Court notes that the Government has proffered that it does not intend to introduce at trial the evidence obtained from many of the search warrants and from one of the photo arrays. While this may be true, that only lightens the defense attorney's burden slightly. This is so because it is reasonable to expect that adequate defense investigation and preparation involves review of all evidence provided pretrial.

6. Defense counsel is still expecting to receive metadata from the images and video of child pornography if available. As of the written briefing, such discovery has not been provided to Defense counsel.

7. Two alleged victims are 16 and one is 17 years old. Each of the minor witnesses have been interviewed by the Government and one has made non-specific "travel arrangements" in advance of the January 2018 trial date. No other particular information is known about the minor witnesses.

### III. Conclusions of Law

With regard to legal conclusions, the heart of this dispute is the tension between the Defendant's right to constitutionally sufficient defense at trial and 18 U.S.C. § 3509(j) which governs proceedings involving minor witnesses. Section 3509(j) provides:

> In a proceeding in which a child is called to give testimony, on motion by the attorney for the government or a guardian ad litem or in its own motion, the court may designate the case as being of special public importance. *If so designated*, the court shall, consistent with these rules expedite the proceeding and ensure that it takes precedence over any other. The court shall ensure a speedy trial in order to minimize the length of time the child must endure the stress of involvement with the criminal process. When deciding whether to grant a continuance, the court shall take into consideration the age of the child and the potential adverse impact the delay may have on the child's wellbeing.

18 U.S.C. § 3509(j) (emphasis added).

This case has not yet been designated one of special importance. Should the government so move, the Court will consider the motion. However, under a plain reading of § 3509(j), without such designation, no basis in law exists for the government to seek a speedy trial by invoking this particular provision.

Nonetheless, even if this case were so designated, the speedy trial considerations articulated in § 3509(j) must be balanced against the Defendant's Sixth Amendment right to

4

prepare adequately for trial. *See United States v. Broussard*, 767 F. Supp. 1536 (D. Oregon 1991). On balance, the equities weigh in favor of a continuance in this case.

The Court first notes that it previously designated this case as complex. Mr. Szekely has only recently entered his appearance. He needs time to review the discovery, investigate the case and secure appropriate experts. Indeed, past exclusions of time under the Speedy Trial act that were sponsored jointly by the government and Mr. Owens have been granted on **five separate occasions** due to the complexity of this matter. ECF 16, 20, 27, 32, 35. It is only fair and warranted under the Sixth Amendment to grant the defense an additional brief continuance so that new counsel may be prepared adequately for trial.

By contrast, no showing has been made that a continuance will adversely impact the well-being of the minor witnesses. To be sure, the stress of trial takes its toll on everyone, adults and children alike. The Court is also mindful that adolescent victims in theory may be particularly vulnerable to lengthy and repeated delays. However, no facts have been advanced regarding any impact, psychological or otherwise, that this continuance would visit on these minor witnesses. This is especially noteworthy given that all three minor witnesses, at ages 16 and 17, are on the cusp of adulthood and presumably more capable of handling the stress of trial as a result. It also noteworthy that at no point did the age of the witnesses inhibit the parties from jointly requesting continuances in the past. Finally, any additional burden associated with making new travel arrangements for a later trial date this far in advance of trial does not trump the Defendant's interest in have new counsel adequately prepared for trial.

Accordingly, for the foregoing reasons, the Defendant's Motion to Continue (ECF No. 57) is GRANTED.  A separate scheduling order shall issue.


11/21/2017 /S/
Date Paula Xinis
United States District Judge