KOH/bv (2016R00477)

# UNITED STATES DISTRICT COURT
### for the
### District of Maryland

<table>
<tr><td>In the Matter of the Search of<br><i>(Briefly describe the property to be searched<br>or identify the person by name and address)</i><br><br>THE DEVICES ON ATTACHMENT A, CURRENTLY<br>STORED AT HOMELAND SECURITY INVESTIGATIONS,<br>40 SOUTH GAY STREET, BALTIMORE, MARYLAND</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No. TMD 17-2111</td></tr>
</table>

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Maryland
*(identify the person or describe the property to be searched and give its location):*

As described in attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

As described in attachment B

**YOU ARE COMMANDED** to execute this warrant on or before ____August 15, 2017____ . *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____Duty Magistrate Judge____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   8/1/17   2:20 pm          _____
                                                              *Judge's signature*

City and state:   Greenbelt, Maryland          Jillyn K. Schulze, United States Magistrate Judge
                                                              *Printed name and title*

Evans_4550

## ATTACHMENT A

### DESCRIPTION OF ITEMS TO BE SEARCHED

The following is a list of items seized from 5 Woods Court, Essex, Maryland and 2701 Eastern Blvd, Building 4200, Middle River, Maryland, and currently stored at Homeland Security Investigations, 40 South Gay Street, Baltimore, Maryland:

- HP Compaq computer, service tag: 2UA92118D4
- Dell laptop, sn: 3QCFSN1
- Nikon Coolpix digital camera, sn: 32115446 w/ enclosed 64GB SD card
- Pink Apple iPod 4GB, sn: YM644LVGVOK
- Apple iPod 160GB, sn: 8K141DCT9ZU
- Apple iPod 16GB, sn: 1A741B77W4T
- Apple iPad, sn: DMQJ402QDJ8T
- Apple iPhone, model A1522
- Apple iPhone, model A1687
- Apple iPhone, model A1634
- Removable media, 52 pieces
- Garmin Nuvi 2555LM GPS, sn: 2EW169136

Evans_4551

## ATTACHMENT B
## LIST OF ITEMS TO BE SEIZED

The items in Attachment A may be searched for the following items, which may be seized:

All records, documents, items, data and other information that may constitute fruits or instrumentalities of, or contain evidence related to, violation of Title 18 U.S.C. §§ 2251(a), 2252A(a)(2), and 2422(b) including, but not limited to, the following:

1.      Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, United States Code, Section 2256(8).

2.      Any and all correspondence identifying person transmitting, receiving or possessing, through interstate commerce including by U.S. Mails or by computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(a).

3.      Any and all records, documents, invoices and materials that concern any online accounts, including Internet Service Providers, social networking sites, screen names or email accounts.

4.      Any and all visual depictions of minors.

5.      Any and all documents, records, or correspondence pertaining to occupancy or other connection to 5 Woods Court, Essex, Maryland 21221 and 2701 Eastern Blvd, Building 4200, Middle River, Maryland 21220.

6.      Any and all diaries, notebooks, notes and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

7.      Any and all diaries, notebooks, notes, pictures, chats, directions, maps, banking, travel, documents, and any other records reflecting personal contact and any other activities with minors.

8.      Any and all notes, documents, records, photos or correspondences that relate to travel.

9.      Any and all notes, documents, records, photos or correspondence that indicate a sexual interest in children, including, but not limited to:

    a.  Correspondence with children;
    b.  Any and all visual depictions of minors;
    c.  Internet browsing history;
    d.  Books, logs, diaries and other documents.

Evans_4552

As used above, the terms "records, documents, messages, correspondence, data and materials" includes records, documents, messages, correspondence, data, and materials, created, modified or stored in any form, including electronic or digital form, and by whatever means they may have been created and/or stored. This includes any handmade, photographic, mechanical, electrical, electronic, and/or magnetic forms. It also includes items in the form of a computer, hardware, software, documentation, passwords, and/or data security devices.

10.    Evidence of who used, owned, or controlled the computer and/or media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contact, "chat," instant messaging logs, photographs, and correspondence;

    a.  Evidence of software that would allow others to control the computer and/or media, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    b.  Evidence of the lack of such malicious software;

    c.  Evidence of the attachment to the computer and/or media of other storage devices or similar containers for electronic evidence;

    d.  Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer and/or media;

    e.  Evidence of the times the computer and/or media was used;

    f.  Passwords, encryption keys, and other access devices that may be necessary to access the computer and/or media;

    g.  Documentation and manuals that may be necessary to access the computer and/or media or to conduct a forensic examination of the computer and/or media;

    h.  Contextual information necessary to understand the evidence described in this attachment.

Any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment, including floppy diskettes, fixed hard disks, or removable hard disk cartridges, software or memory in any form. The search procedure of the electronic data contained in computer operating software or memory devices shall include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

    a.  surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

    b.  "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

    c.  "scanning" storage areas to discover and possibly recover recently deleted files;

    d.  "scanning" storage areas for deliberately hidden files; or

Evans_4553

e.  performing key word or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

11.  If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography or other criminal activity, the further search of that particular directory, file, or storage area shall cease.

Evans_4554

# UNITED STATES DISTRICT COURT

KOH/bv (2016R00477)

for the

District of Maryland

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

THE DEVICES ON ATTACHMENT A, CURRENTLY
STORED AT HOMELAND SECURITY INVESTIGATIONS,
40 SOUTH GAY STREET, BALTIMORE, MARYLAND

)
)
)
)
)
)

Case No. TMD 17-2111



## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

As described in attachment A

located in the _____ District of _____ MARYLAND _____ , there is now concealed *(identify the person or describe the property to be seized)*:
As further described in attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(A)(a)(2) | Receipt of child pornography; |
| 18 U.S.C. § 2422(b) | Enticement of a minor; |
| 18 U.S.C. § 2251(a) | Production of child Pornography. |

The application is based on these facts:
See attached affidavit of Special Agent Christine Carlson.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA Christine Carlson, Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____08/01/2017_____

_____
*Judge's signature*

City and state: Greenbelt, Maryland _____

JILLYN K. SCHULZE United States Magistrate Judge
*Printed name and title*

Evans_4555

## THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

IN THE MATTER OF THE SEARCH    )
OF THE DEVICES ON    )
ATTACHMENT A, CURRENTLY    )
STORED AT HOMELAND SECURITY    )    CRIMINAL NO. TMD 17-2111
INVESTIGATIONS,    )
40 SOUTH GAY STREET,    )
BALTIMORE, MARYLAND    )    **Under Seal**

### GOVERNMENT'S MOTION TO SEAL

Comes now the United States of America, by and through its Attorneys, Stephen M. Schenning, Acting United States Attorney for the District of Maryland, and Kelly O. Hayes, Assistant United States Attorney for said District, hereby moves this Honorable Court for an Order to seal the application for search warrant, search warrant, and supporting affidavit submitted in connection with the above-referenced matter, as this is part of the continuing investigation. Should the individual under investigation become aware of these documents by virtue of their being placed on the public electronic docket, it could endanger the outcome of the investigation.

WHEREFORE, the government respectfully requests that all documents in this matter be placed under seal until further order of the court.

Respectfully submitted,

Stephen M. Schenning
Acting United States Attorney

By: _Kelly O. Hayes_

Kelly O. Hayes
Assistant United States Attorney

It is so ORDERED, this 1st day of August, 2017.

_Jillyn K. Schulze_

Jillyn K. Schulze
United States Magistrate Judge ( Recalled )

Evans_4556

## THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

IN THE MATTER OF THE SEARCH   )
OF THE DEVICES ON   )
ATTACHMENT A, CURRENTLY   )
STORED AT HOMELAND SECURITY   )   CRIMINAL NO. TMD 17-2111
INVESTIGATIONS,   )
40 SOUTH GAY STREET,   )
BALTIMORE, MARYLAND   )   **Under Seal**

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Christine D. Carlson, a Special Agent (SA) with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being duly sworn, depose and state that:

1.     I have been a Special Agent with HSI and the legacy Immigration and Naturalization Service since June 1996. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have gained experience through training in seminars, classes, and daily work related to conducting these types of investigations. Specifically, I have received formal training through U.S. Customs, HSI, and other agencies in the area of child pornography, pedophile behavior, collectors of other obscene material, and internet crime. I have participated in the execution of numerous search warrants, which involved child exploitation and/or child pornography offenses. Many of the child exploitation and/or child pornography search warrants resulted in the seizure of computers, cell phones, magnetic storage media for computers, other electronic media, and other items evidencing violation of federal laws, including various sections of Title 18, United States Code, Section 2252A involving child

exploitation offenses. I have also participated in the execution of numerous search warrants for online accounts, such as email accounts, online storage accounts and other online communication accounts related to child exploitation and/or child pornography. In the course of my employment with HSI, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media and within online accounts.

2.  As a federal agent, I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with the authority to affect arrests and execute warrants issued under the authority of the United States.

3.  This affidavit is being submitted in support of applications for warrants to search a desktop computer, a laptop computer, a GPS, a digital camera, three iPods, an iPad, three iPhones, and 52 pieces of removable media, as further described in **Attachment A** (collectively, "the DEVICES"). The DEVICES are currently located at the offices of Homeland Security Investigations, 40 South Gay Street, Baltimore, Maryland, and were seized on February 24, 2016 from the residence of Roy David EVANS, Jr., 5 Woods Court, Essex, Maryland, as well as the Warfield Air National Guard, 2701 Eastern Blvd, Building 4200, Middle River, Maryland, EVANS' place of employment. The DEVICES were seized pursuant to state search and seizure warrants issued by the Honorable Judge Simmons of the District Court for Montgomery County, State of Maryland (copy of the said search and seizure warrant is attached hereto and incorporated herein by reference as **Attachment C**) and the Honorable Judge Hamilton of the District Court for Montgomery County, State of Maryland (copy of the said search and seizure warrant is attached hereto and incorporated by reference as **Attachment D**). Therefore, while law enforcement might already have all necessary authority to examine the DEVICES, I seek this additional warrant out of an abundance of caution to be certain that an examination of the

Evans_4558

DEVICES will comply with the Fourth Amendment and other applicable laws. As further described in **Attachment B**, the DEVICES are to be searched for evidence of violations of Title 18, United States Code, Section 2251(a)(production of child pornography), Title 18, United States Code, Section 2252A(a)(5)(B)(possession of child pornography), and Title 18, United States Code, Section 2422(b)(enticement of a minor).

4.     The statements in this affidavit are based in part on information provided by law enforcement officers of the Montgomery County Police Department, as well as documents and reports prepared by law enforcement officers of the Montgomery County Police Department, and on my experience and background as a Special Agent of HSI. Since this affidavit is being submitted for the limited purpose of securing search warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violations of Title 18, United States Code, Section 2251(a)(production of child pornography), Title 18, United States Code, Section 2252A(a)(5)(B)(possession of child pornography), and Title 18, United States Code, Section 2422(b)(enticement of a minor) are located within the desktop computer, the laptop computer, the digital camera, the GPS, three iPhones, three iPods, iPad, and the 52 pieces of removable media seized from the residence of Roy David EVANS, Jr., 5 Woods Court, Essex, Maryland, as well as the Warfield Air National Guard, 2701 Eastern Blvd, Building 4200, Middle River, Maryland, EVANS' place of employment, as further described in **Attachment A**.

Evans_4559

## SUMMARY CONCERNING CHILD PORNOGRAPHY, PERSONS WHO POSSESS AND COLLECT CHILD PORNOGRAPHY AND HOW USE OF COMPUTERS AND THE INTERNET RELATES TO THE POSSESSION, RECEIPT AND DISTRIBUTION OF CHILD PORNOGRAPHY

5.     Based on my investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I have learned that individuals who utilize the internet to view and receive images of child pornography are often individuals who have a sexual interest in children and in images of children, and that there are certain characteristics common to such individuals, including the following:

a.     Individuals who have a sexual interest in children or images of children may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

b.     Individuals who have a sexual interest in children or images of children may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c.     Individuals who have a sexual interest in children or images of children frequently maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their own home or some other secure location. Individuals who have a sexual interest in children or images of children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

d.     Likewise, individuals who have a sexual interest in children or images of children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, or in online storage, email accounts or other online

communication accounts, to enable the individual to view the collection, which is valued highly.

e.     Individuals who have a sexual interest in children or images of children also may correspond with and/or meet others to share information and materials, rarely destroy correspondence from other child pornography distributors/collectors, conceal such correspondence as they do their sexually explicit material, and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography. This data is typically in digital format, and often maintained on computers and in online storage, email accounts or other online communication accounts.

f.     Individuals who would have knowledge on how to distribute and receive digital images of child pornography through the use of Peer to Peer networks and other online methods would have gained knowledge of its location through online communication with others of similar interest. Other forums, such as bulletin boards, newsgroups, IRC chat or chat rooms have forums dedicated to the trafficking of child pornography images. Individuals who utilize these types of forums are considered more advanced users and therefore more experienced in acquiring a collection of child pornography images.

g.     Individuals who have a sexual interest in children or images of children prefer not to be without their child pornography for any prolonged time period. This behavior has been consistently documented by law enforcement officers involved in the investigation of child pornography.

6.     Based on my investigative experience related to computer and internet related

child pornography investigations, and the training and experience of other law enforcement

officers with whom I have had discussions, I have learned the following:

a.     Computers and computer technology have revolutionized the way in which child pornography is produced, distributed, and utilized. It has also revolutionized the way in which child pornography collectors interact with each other. Child pornography formerly was produced using cameras and film (either still photography or movies.) The photographs required darkroom facilities and a significant amount of skill in order to develop and reproduce the images. As a result, there were definable costs involved with the production of pornographic images. To distribute these on any scale also required significant resources. The photographs themselves were somewhat bulky and required secure storage to prevent their exposure to the public. The distribution of these wares was accomplished through a combination of personal contact, mailings, and telephone calls. Any reimbursement would follow these same paths.

b. The development of computers and the internet have added to the methods used by child pornography collectors to interact with and sexually exploit children. Computers and the internet serve four functions in connection with child pornography. These are production, communication, distribution, and storage.

c. Child pornographers can now transfer photographs from a camera onto a computer-readable format. With the advent of digital cameras, the images can now be transferred directly onto a computer. A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Electronic contact can be made to literally millions of computers around the world. The ability to produce child pornography easily, reproduce it inexpensively, and market it anonymously (through electronic communications) has drastically changed the method of distribution and receipt of child pornography.

d. Child pornography can be transferred via electronic mail or through file transfer protocols (FTP) to anyone with access to a computer and modem. Because of the proliferation of commercial services that provide electronic mail service, chat services (i.e., "Instant Messaging"), easy access to the Internet, and online file sharing and storage, the computer is a preferred method of distribution and receipt of child pornographic materials.

e. The Internet and its World Wide Web afford collectors of child pornography several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion. Collectors and distributors of child pornography use online resources to retrieve and store child pornography, including services offered by Internet Portals such as AOL Inc., Yahoo! and Google, Inc., Facebook, Dropbox, Instagram, among others. The online services allow a user to set up an account with a remote computing service that provides e-mail services, file exchange services, messaging services, as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the Internet. Email accounts, online storage accounts, and other online communication accounts allow users to save significant amounts of data, including email, images, videos, and other files. The data is maintained on the servers of the providers, and is occasionally retained by the providers after the user deletes the data from their account.

f. In my recent investigative experience, as well as recent discussions with law enforcement officers, I know that individuals who collect child pornography are using email accounts, online storage accounts, and other online communications accounts to obtain, store, maintain, and trade child pornography with growing frequency, in addition to, or as an alternative to, the use of personal devices.

7. Based on traits shared by collectors, the use of email, online storage accounts, and

other online communication accounts, and the increased storage capacity of computers and

Evans_4562

server space over time, there exists a fair probability that evidence regarding the production and possession of child pornography will be found in the DEVICES seized from the residence and employer of Roy David EVANS, Jr., notwithstanding the passage of time.

## FACTS AND CIRCUMSTANCES OF THE INVESTIGATION

8.     On or about February 16, 2016, Montgomery County Police Detective Onorio was assigned a case regarding a minor female, DOB: xx/xx/2001, who had met an adult male online, and then met the adult male near her home and engaged in sexually explicit conduct with him.

9.     During interviews with a Child Forensic Interviewer, the minor female disclosed the following:

      a.     In or about June 2015, the minor female replied to a Craigslist ad soliciting young models and encouraging them to contact the Craigslist poster via KIK[1] at "roddanger86".

      b.     The minor female communicated with EVANS, the poster of the ad, over Craigslist, as well as through email, cellular phone, and KIK.

      c.     At the request of EVANS, and sometimes on her own, the minor female would send digital videos of herself masturbating or digital images and/or videos of herself nude. These images and/or videos were all taken in the minor female's residence in Montgomery County, Maryland, and sent to EVANS through KIK or to EVANS' cellular phone through multimedia messaging service (MMS). During their communications, EVANS sent a picture of his face to the minor female.

---

[1] KIK is a smartphone application that allows users to text, livecam, and send digital images and/or digital videos to one another or a group of users.

Evans_4563

d. On three occasions between on or about August 27, 2015 and in or about December 2015, EVANS traveled to Montgomery County, Maryland, and engaged in sexually explicit conduct with the minor female, to include anal sex and vaginal sex.

e. On February 22, 2016, Detective Williams from the Montgomery County Police Department met with the minor female and presented her with a photo line-up of six (6) men.  The minor female positively identified the image of Roy David EVANS, Jr., known to her as "Rodney" whom she met and engaged in sexually explicit conduct with as detailed above in paragraph 9(d).

10. On February 23, 2016, the Honorable Judge Simmons of the Montgomery County (Maryland) District Court reviewed and signed the search and seizure warrant for 5 Woods Court, Essex, Maryland 21221 (**Attachment C**).

11. On February 24, 2016, members of the Montgomery County Police Department and the Baltimore County Police Department executed the search and seizure warrant at 5 Woods Court, Essex, Maryland.  Among the items located and seized during the search of the residence includes, but is not limited to, a laptop computer, a digital camera, three iPods, an iPad, removable media, a GPS, and three iPhones.

12. An on-scene forensic preview of the Apple iPhone 6S Plus belonging to EVANS that was recovered from the master bedroom revealed numerous digital images and videos of the minor female referenced in paragraph 8 as well as text-based communication with the same minor female.

Evans_4564

13. The following is a description of the items seized from the residence located at 5 Woods Court, Essex, Maryland pursuant to the state warrant and the subject of this affidavit and search warrant, as further described in **Attachment A**:

- Dell laptop, sn: 3QCFSN1
- Nikon Coolpix digital camera, sn: 32115446 w/ enclosed 64GB SD card
- Pink Apple iPod 4GB, sn: YM644LVGVOK
- Apple iPod 160GB, sn: 8K141DCT9ZU
- Apple iPod 16GB, sn: 1A741B77W4T
- Apple iPad, sn: DMQJ402QDJ8T
- Apple iPhone, model A1522
- Apple iPhone, model A1687
- Apple iPhone, model A1634
- Removable media, 48 pieces
- Garmin Nuvi 2555LM GPS, sn: 2EW169136

14. The items listed in paragraph 13 above were seized by the Montgomery County Police Department, are currently located at the offices of Homeland Security Investigations, 40 South Gay Street, Baltimore, Maryland, and will be examined by HSI.

15. On February 24, 2016, the Honorable Judge Hamilton of the Montgomery County (Maryland) District Court reviewed and signed the search and seizure warrant for Warfield Air National Guard, 2701 Eastern Blvd, Building 4200, Middle River, Maryland 21220 (**Attachment D**) where EVANS is employed in the finance office.

16. On February 24, 2016, members of the Montgomery County Police Department and the Baltimore County Police Department executed the search and seizure .warrant at Warfield Air National Guard, 2701 Eastern Blvd, Building 4200, Middle River, Maryland. Among the items located and seized during the search includes, but is not limited to, a desktop computer and removable media.

Evans_4565

17. The following is a description of the items seized from EVANS' employer located at 2701 Eastern Blvd, Building 4200, Middle River, Maryland pursuant to the state warrant and also the subject of this affidavit and search warrant, as further described in **Attachment A**:

- HP Compaq computer, service tag: 2UA92118D4
- Removable media, 4 pieces

18. The items listed in paragraph 17 above were seized by the Montgomery County Police Department, are currently located at the offices of Homeland Security Investigations, 40 South Gay Street, Baltimore, Maryland, and will be examined by HSI.

19. On August 22, 2016, EVANS was indicted by a federal Grand Jury for enticement of a minor in violation of Title 18, United States Code, Section 2422(b), receipt of child pornography in violation of Title 18, United States Code, Section 2252A(a)(2), and production of child pornography in violation of Title 18, United States Code, Section 2251(a).

20. Each of the items seized by Montgomery County Police from EVANS' residence and employer has been forensically analyzed by Montgomery County Police officers; however, it's been over a year since they were initially analyzed, and since that time there have been updated versions of the software used in the forensic analysis of the devices. For example, the version of Cellebrite used to analyze EVANS' Apple iPhone 6S Plus back in or about April 2016 was 5.0.0.536. The current version of Cellebrite being used to extract data from cell phones is 6.2.1.17. Cellebrite puts out frequent software updates to ensure ongoing compatibility with all new phones as they enter the market. Additionally, the newer versions of Cellebrite have enhanced capabilities in the successful decoding of several smartphone applications that past versions were incapable of decoding.

Evans_4566

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

21.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

22.     There is probable cause to believe that things that were once stored on the DEVICES may still be stored there, for at least the following reasons:

a.      Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b.      Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.      Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d.      Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

23.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct

Evans_4567

evidence of the crimes described on the warrant, but also forensic evidence that establishes how the DEVICES were used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the DEVICES because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f. I know that when an individual uses an electronic device to [[obtain unauthorized access to a victim electronic device over the Internet]], the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the

Evans_4568

criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

24. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

25. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

26. Based on the foregoing, I respectfully submit that there is probable cause to believe that the aforementioned federal statutes have been violated and that there is probable cause to believe that evidence of these crimes can be found on the DEVICES, namely the desktop computer, the laptop computer, the digital camera, the iPad, three iPods, three iPhones, the GPS, and 52 pieces of removable media seized from the residence and employer of Roy David EVANS, Jr., and currently stored by Homeland Security Investigations at their offices located in Baltimore, Maryland.

Evans_4569

27.    WHEREFORE, I respectfully request that this Court issue search warrants to search the items described in Attachment A, which is incorporated herein by reference, and to seize any items located pursuant to the search as described in Attachment B which is also incorporated herein by reference.

Christine D. Carlson
Special Agent
Homeland Security Investigations

Subscribed to and sworn before
me this ___1st___ day of August, 2017

THE HONORABLE JILLYN K. SCHULZE
UNITED STATES MAGISTRATE JUDGE (Recalled)

Evans_4570

## ATTACHMENT A

### DESCRIPTION OF ITEMS TO BE SEARCHED

The following is a list of items seized from 5 Woods Court, Essex, Maryland and 2701 Eastern Blvd, Building 4200, Middle River, Maryland, and currently stored at Homeland Security Investigations, 40 South Gay Street, Baltimore, Maryland:

- HP Compaq computer, service tag: 2UA92118D4
- Dell laptop, sn: 3QCFSN1
- Nikon Coolpix digital camera, sn: 32115446 w/ enclosed 64GB SD card
- Pink Apple iPod 4GB, sn: YM644LVGVOK
- Apple iPod 160GB, sn: 8K141DCT9ZU
- Apple iPod 16GB, sn: 1A741B77W4T
- Apple iPad, sn: DMQJ402QDJ8T
- Apple iPhone, model A1522
- Apple iPhone, model A1687
- Apple iPhone, model A1634
- Removable media, 52 pieces
- Garmin Nuvi 2555LM GPS, sn: 2EW169136

Evans_4571

## ATTACHMENT B
## LIST OF ITEMS TO BE SEIZED

The items in Attachment A may be searched for the following items, which may be seized:

All records, documents, items, data and other information that may constitute fruits or instrumentalities of, or contain evidence related to, violation of Title 18 U.S.C. §§ 2251(a), 2252A(a)(2), and 2422(b) including, but not limited to, the following:

1.      Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, United States Code, Section 2256(8).

2.      Any and all correspondence identifying person transmitting, receiving or possessing, through interstate commerce including by U.S. Mails or by computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(a).

3.      Any and all records, documents, invoices and materials that concern any online accounts, including Internet Service Providers, social networking sites, screen names or email accounts.

4.      Any and all visual depictions of minors.

5.      Any and all documents, records, or correspondence pertaining to occupancy or other connection to 5 Woods Court, Essex, Maryland 21221 and 2701 Eastern Blvd, Building 4200, Middle River, Maryland 21220.

6.      Any and all diaries, notebooks, notes and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

7.      Any and all diaries, notebooks, notes, pictures, chats, directions, maps, banking, travel, documents, and any other records reflecting personal contact and any other activities with minors.

8.      Any and all notes, documents, records, photos or correspondences that relate to travel.

9.      Any and all notes, documents, records, photos or correspondence that indicate a sexual interest in children, including, but not limited to:

      a.  Correspondence with children;
      b.  Any and all visual depictions of minors;
      c.  Internet browsing history;
      d.  Books, logs, diaries and other documents.

Evans_4572

As used above, the terms "records, documents, messages, correspondence, data and materials" includes records, documents, messages, correspondence, data, and materials, created, modified or stored in any form, including electronic or digital form, and by whatever means they may have been created and/or stored. This includes any handmade, photographic, mechanical, electrical, electronic, and/or magnetic forms. It also includes items in the form of a computer, hardware, software, documentation, passwords, and/or data security devices.

10.     Evidence of who used, owned, or controlled the computer and/or media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contact, "chat," instant messaging logs, photographs, and correspondence;

     a.  Evidence of software that would allow others to control the computer and/or media, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

     b.  Evidence of the lack of such malicious software;

     c.  Evidence of the attachment to the computer and/or media of other storage devices or similar containers for electronic evidence;

     d.  Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer and/or media;

     e.  Evidence of the times the computer and/or media was used;

     f.  Passwords, encryption keys, and other access devices that may be necessary to access the computer and/or media;

     g.  Documentation and manuals that may be necessary to access the computer and/or media or to conduct a forensic examination of the computer and/or media;

     h.  Contextual information necessary to understand the evidence described in this attachment.

Any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment, including floppy diskettes, fixed hard disks, or removable hard disk cartridges, software or memory in any form. The search procedure of the electronic data contained in computer operating software or memory devices shall include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

     a.  surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

     b.  "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

     c.  "scanning" storage areas to discover and possibly recover recently deleted files;

     d.  "scanning" storage areas for deliberately hidden files; or

Evans_4573

e.  performing key word or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

11.   If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography or other criminal activity, the further search of that particular directory, file, or storage area shall cease.

Evans_4574

# ATTACHMENT C

Evans_4575

# APPLICATION FOR
## SEARCH AND SEIZURE WARRANT
## IN BALTIMORE COUNTY, MARYLAND

TO BE SEARCHED: 5 Woods Court Essex, Baltimore County, Maryland 21221. This is a single family detached residence with one full above ground level with the basement being partially above ground. The exterior has yellow siding with red shutters around the window. The main front door to the residence is red in color with white trim around it. The numeral "5" is white on a black placard above the main front door to the residence. This search warrant also seeks to search any detached structures within the curtilage of the premises.

Applicant:    Detective Dane Onorio #2006

Judge:    Honorable William 6 Simmons

Date:    February 23, 2016

        Your applicant, being first duly sworn, states the following:

A.    Your affiant, Detective Dane Onorio, has been a police officer with the Montgomery County Police Department since January 24, 2003. Your affiant has attended the following training courses pertaining to general investigations and conducting interviews and interrogations: Training through the Montgomery County Police Department includes Child Abuse and Sexual Assault Investigations, Basic Investigator's School, Search Warrant Preparation and Execution, and Basic Auto Theft Investigations Course. Training through outside Agencies includes Methamphetamine Investigations, Gang Investigations, the Reid School of Interrogation, and Finding Words, Basic Data Recovery and Analysis, Intermediate Data Recovery and Analysis, Computer Forensic Examiner Certification Course, and Internet Crimes Against Children-Investigative and Under Cover Techniques.

1

suspect's Kik account was Roddanger86. She also sent several to the suspect's cellular phone number 410-609-3306. V1 also communicated with him over her cell phone as well. During their communications S1 sent a picture of his face to V1.

In the Summer of 2015, S1 drove to V1's residence, located in Montgomery County, Maryland. S1 immediately recognized S1 as the same as the digital image of S1's face sent previously. V1 took S1 up into her bedroom. While in her bedroom the two engaged in sodomy, whereby S1 inserted his penis into V1's anus.

On or around November of 2015, S1 drove to V1's residence, located in Montgomery County, Maryland, and met with V1. V1 got into the passenger side of his car and S1 drove them to parking spot near V1's residence. S1 digitally penetrated V1's vagina with his penis while the two were in the front seat. S1 and V1 went to the backseat and S1 inserted his penis into V1's vagina. After engaging in sexual intercourse, S1 ejaculated on V1's vaginal area and onto his seat. V1 stated she had bled from her vagina due to it "being her first time". V1 stated her blood and his semen were on his backseat. S1 took his white t-shirt off and gave it to V1. V1 used S1's white t-shirt and cleaned up the semen and blood off herself and the seat. V1 went back into her residence and S1 drove away. V1 stated the white-t-shirt was in S1's car. V1 described S1's car as a four door brown passenger car with a light tan interior color and having a steering column shifter. V1 described S1 as wearing black Nike shoes, white boxers, zip-up gray sweat jacket with unknown writing on the front, and navy blue sweatpants.

3

Evans_4577
Evans_4143

back to a Roy David Evans, Jr., a white male with a date of birth of September 6, 1984 with a height listed as 5'11 and weight listed as 180. Maryland tax records list Roy David Evan's Jr as the owner of 5 Woods Ct, Essex, Baltimore County, Maryland.

On February 22, 2016 Detective Dana Williams of the Montgomery County Police Department's runaway section, met with V1 and presented her with a photographic array where an image of Roy David Evans Jr. was among the 6 photographs. V1. Positively identified the image of Roy David Evans, Jr. known to her as "Rodney".

A property records check by your Affiant of 5 Woods Court Essex, Baltimore County, Maryland listed the registered owner of this property as "Roy D. Evans, Jr."

Frequently perpetrators who solicit and collect child pornography images and/or videos cherish and go out of their way to keep them. They do not limit themselves with electronic images/videos and at times have physical copies of some of their images. When digital images/videos of the sexual assault of a child are distributed perpetrators utilize many formats to both collect and distribute this material electronically. Electronic images/videos can be stored in any number of ways electronically on any device designed to store or record data or in what is known as cloud technology whereby digital content can be stored on servers in another location, separate from their physical residence.

The use of mobile technology to commit the crimes of manufacturing, possession, and distribution of digital images/videos of the sexual assault of a child

5

Evans_4578
Evans_4145

## ATTACHMENT 'A'

**Property to be seized at:** 5 Woods Court Essex, Baltimore County, Maryland 21221.

A. Seize and examine any and all cell phones (on site and off site).

B. Seize any documents, envelopes, cancelled checks, or papers in the name of occupants that establishes occupancy.

C. Seize and examine address books, advertisements, brochures, catalogs, correspondence, documents, electronic organizers, mailing lists, notes, organizers, publications, receipts, records that may indicate the distribution, barter, purchase, receipt, sale or trade of child pornography.

D. Seize and examine any documents, notes, papers or other items containing BBS information, chat logs, E-mail addresses, E-mail messages, Internet Service Provider information, IP addresses, passwords, Uniform Resource Locator addresses (FTP, HTTP, News, etc.) and user profiles.

E. Seize and examine any books, DVD, magazines, motion picture film of any format, negatives, photographs, printed images generated by computer, slides, undeveloped film of any format and videocassettes that may contain child pornography.

F. Seize and examine any electronic media including, but not limited to Compact Flash Memory, Smart Media Memory, Memory Sticks and PCMCIA flash media that may contain evidence of the distribution, production, receipt, transmission or viewing of child pornography stored in any format.

G. Seize and examine any magnetic media including, but not limited to hard drives, floppy diskettes, Zip disks, Jaz disks, PCMCIA drives, Bernoulli disks, Orb disks and tapes of any format that may contain evidence of the distribution, production, receipt, transmission or viewing of child pornography stored in any format.

H. Seize and examine any items that corroborate their sexual interest in children.

I. Seize and examine any optical media including, but not limited to CD-ROM, CD-R, CD-RW, DVD, DVD-RAM and optical disks of any format that may contain evidence of the distribution, production, receipt, transmission or viewing of child pornography stored in any format.

J. Seize and examine on site and off site, any computer hardware capable of analyzing, collecting, concealing, converting, displaying, receiving or transmitting data electronically, magnetically or optically. This hardware includes, but is not limited to central processing units, portable computers (i.e. laptop computers), file servers, peripheral input/output devices (i.e. keyboards, plotters, pointing devices, printers, scanners and video display monitors), storage devices capable of reading and/or writing to computer media (i.e. electronic, magnetic or optical), communications devices (i.e. modems, cable modems, network adapters and wireless communication devices), any devices or parts used to restrict access to computer hardware (i.e. keys and locks) and any other piece of equipment necessary to duplicate the functionality of the hardware at the time of seizure (i.e. batteries, cables,

Evans_4579

Evans_4147

# SEARCH AND SEIZURE WARRANT
## IN
## BALTIMORE COUNTY, MARYLAND

TO:    Chief of Police, Thomas J. Manger or any officer of the Montgomery

County Department of Police.

Based upon the application of Detective Dane Onorio, consisting of 6 pages,

dated the 23 day of February, 2016, I find there exists probable cause to authorize

a Search and Seizure as follows:

1. Within the next fifteen (15) days, you or any officer of the Montgomery

County Department of Police, are commanded with the necessary and proper

assistants, to search premises described as 5 Woods Court Essex, Baltimore

County, Maryland 21221. This is a single family detached residence with one

full above ground level with the basement being partially above ground. The

exterior has yellow siding with red shutters around the front windows. The

main front door to the residence is red in color with white trim around it. The

numeral "5" is white on a black placard above the main front door to the

residence. This search warrant also seeks to search any detached structures

within the curtilage of the premises.

2. The search shall be for the evidence of crimes of of Child Pornography

Possession in violation of Criminal Law Article 11-208 and Third Degree Sex

Offense in violation of Criminal Law Article 3-307.

3. The search shall be for the following: See Attachment A.

4. The above evidence shall be seized if found there.

1

Evans_4580
Evans_4149

## OATH

Detective Dane Onorio , personally appeared before me, a Judge of the Circuit Court for Montgomery County, Maryland, on this 23ᴺᴰ Day of February 2016, and made oath in due form of law that the contents of this six page application is true and correct to the best of her knowledge, information and belief.

Det. Dane Onorio #2006
Montgomery County Police
Child Exploitation Unit

Honorable _____
Circuit Court Judge in and for
Montgomery County, Maryland

Evans_4581
Evans_4151



Department of Police
Montgomery County, Maryland

**SEARCH INVENTORY**

| MCP 558 |
|---|
| Rev. 01/08 |

| Item # 1 | Primary Location: OFFICE AREA - 1st FL |
|---|---|
| | Specific Location: on top of desk |
| | Description of Item(s) Seized: DELL Laptop |

| Item # 2 | Primary Location: OFFICE AREA - 1st FL |
|---|---|
| | Specific Location: on shelf in desk |
| | Description of Item(s) Seized: USB |

| Item # 3 | Primary Location: master bedroom |
|---|---|
| | Specific Location: Hanging off Lamp |
| | Description of Item(s) Seized: BLUE/BLK Nikon Coolpic S/n 3215446 |

Function Code: 611
CALEA: 74.3.1
Proponent Unit: FSB and ISB Admin.

Preparer's Initials

Distribution
Original: Issuing Judge
Yellow: Officer
Pink: Recipient

033

Evans_4582

Evans_4153



Department of Police
Montgomery County, Maryland

### SEARCH INVENTORY

MCP 558
Rev. 01/08

| Item # | |
|---|---|
| 7 | **Primary Location:** Basement |
| | **Specific Location:** in poker room, on TV stand |
| | **Description of Item(s) Seized:** misc. DVD |

| Item # | |
|---|---|
| 8 | **Primary Location:** 5 Woods Ct Essex MD |
| | **Specific Location:** in driveway of above address |
| | **Description of Item(s) Seized:** 2003 Chevy Impala 4Dr Gold VIN 2G1WF52E139128054 MD 4BY8119 |

| Item # | |
|---|---|
| 9 | **Primary Location:** master Bedroom |
| | **Specific Location:** on nightstand |
| | **Description of Item(s) Seized:** apple iphone |

Function Code: 611
CALEA: 74.3.1
Proponent Unit: FSB and ISB Admin.

Preparer's Initials

Distribution
Original: Issuing Judge
Yellow: Officer
Pink: Recipient

034

Evans_4583

Evans_4155



Department of Police
Montgomery County, Maryland

## SEARCH INVENTORY

MCP 558
Rev. 01/08

Page 1 of 4

| Item # 1 | Primary Location: OFFICE AREA – 1st FL |
| | Specific Location: on top of desk |
| | Description of Item(s) Seized: DELL Laptop |

| Item # 2 | Primary Location: OFFICE AREA – 1st FL |
| | Specific Location: on shelf in desk |
| | Description of Item(s) Seized: USB |

| Item # 3 | Primary Location: master bedroom |
| | Specific Location: Hanging off Lamp |
| | Description of Item(s) Seized: Blue/Blk nikon Coolpic S/N 3215446 |

Function Code: 611
CALEA: 74.3.1
Proponent Unit: FSB and ISB Admin.

Preparer's Initials

Distribution
Original: Issuing Judge
Yellow: Officer
Pink: Recipient

035

Evans_4584
Evans_4157

## OATH

Detective Dane Onorio , personally appeared before me, a Judge of the Circuit Court for Montgomery County, Maryland, on this 24 Day of February 2016, and made oath in due form of law that the contents of this seven page application is true and correct to the best of her knowledge, information and belief.

_____
Det. Dane Onorio #2006
Montgomery County Police
Child Exploitation Unit

Honorable  BARRY HAMILTON
Circuit Court Judge in and for
Montgomery County, Maryland

## ATTACHMENT 'A'

**Property to be seized at:** 2701 Eastern Boulevard Middle River, MD 21220.

A. Seize and examine any and all cell phones (on site and off site).

B. Seize any documents, envelopes, cancelled checks, or papers in the name of occupants that establishes occupancy.

C. Seize and examine address books, advertisements, brochures, catalogs, correspondence, documents, electronic organizers, mailing lists, notes, organizers, publications, receipts, records that may indicate the distribution, barter, purchase, receipt, sale or trade of child pornography.

D. Seize and examine any documents, notes, papers or other items containing BBS Information, chat logs, E-mail addresses, E-mail messages, Internet Service Provider information, IP addresses, passwords, Uniform Resource Locator addresses (FTP, HTTP, News, etc.) and user profiles.

E. Seize and examine any books, DVD, magazines, motion picture film of any format, negatives, photographs, printed images generated by computer, slides, undeveloped film of any format and videocassettes that may contain child pornography.

F. Seize and examine any electronic media including, but not limited to Compact Flash Memory, Smart Media Memory, Memory Sticks and PCMCIA flash media that may contain evidence of the distribution, production, receipt, transmission or viewing of child pornography stored in any format.

G. Seize and examine any magnetic media including, but not limited to hard drives, floppy diskettes, Zip disks, Jaz disks, PCMCIA drives, Bernoulli disks, Orb disks and tapes of any format that may contain evidence of the distribution, production, receipt, transmission or viewing of child pornography stored in any format.

H. Seize and examine any items that corroborate their sexual interest in children.

I. Seize and examine any optical media including, but not limited to CD-ROM, CD-R, CD-RW, DVD, DVD-RAM and optical disks of any format that may contain evidence of the distribution, production, receipt, transmission or viewing of child pornography stored in any format.

J. Seize and examine on site and off site, any computer hardware capable of analyzing, collecting, concealing, converting, displaying, receiving or transmitting data electronically, magnetically or optically. This hardware includes, but is not limited to central processing units, portable computers (i.e. laptop computers), file servers, peripheral input/output devices (i.e. keyboards, plotters, pointing devices, printers, scanners and video display monitors), storage devices capable of reading and/or writing to computer media (i.e. electronic, magnetic or optical), communications devices (i.e. modems, cable modems, network adapters and wireless communication devices), any devices or parts used to restrict access to computer hardware (i.e. keys and locks) and any other piece of equipment necessary to duplicate the functionality of the hardware at the time of seizure (i.e. batteries, cables,

# ATTACHMENT D

Evans_4587

<u>**SEARCH AND SEIZURE WARRANT**</u>
<u>**IN**</u>
<u>**BALTIMORE COUNTY, MARYLAND**</u>

TO:    Chief of Police, Thomas J. Manger or any officer of the Montgomery

County Department of Police.

Based upon the application of Detective Dane Onorio, consisting of 7 pages,

dated the 24 day of February, 2016, I find there exists probable cause to authorize

a Search and Seizure as follows:

1. Within the next fifteen (15) days, you or any officer of the Montgomery

County Department of Police, are commanded with the necessary and proper

assistants, to search premises described as Warfield Air National Guard -2701

Eastern Boulevard Building 4200, Middle River, Baltimore County, Maryland

21220 described as a 3-story gray brick structure. The numerals "4200" are

white on a black background on the top of the front door of the building. The

front door is clear glass with black trim.

2. The search shall be for the evidence of crimes of of Child Pornography

Possession in violation of Criminal Law Article 11-208 and Third Degree Sex

Offense in violation of Criminal Law Article 3-307.

3. The search shall be for the following: See Attachment A.

4. The above evidence shall be seized if found there.

5. You may serve this warrant at any time of the day or night.

1

Evans_4254
Evans_4588

of their images. When digital images/videos of the sexual assault of a child are distributed perpetrators utilize many formats to both collect and distribute this material electronically. Electronic images/videos can be stored in any number of ways electronically on any device designed to store or record data or in what is known as cloud technology whereby digital content can be stored on servers in other locations that their physical residence. Perpetrators will also hide their child pornography digital images and videos in other physical locations they have access too, such as their work site.

The use of mobile technology to commit the crimes of manufacturing, possession, and distribution of digital images/videos of the sexual assault of a child has increased in recent years. Collectors have been known to keep physical transactional logs written down of those who they've traded and accounts and usernames they've used to store their collection in various server based cloud accounts. Even if the images or videos are deleted by the user, it is possible to retrieve such images/videos, days or even years later, through the use of computer forensic tools. These types of perpetrators frequently keep multiple backups of their "collection" through other electronic data storage devices.

This digital "collection" of images is also evidence of the actual sexual abuse of a child, and perpetrators creating this material for possession or distribution will frequently keep indicia of their sexual interest in the child in the residence, plus the necessary tools for creation, such as props, and clothing. Perpetrators will often keep mementos (i.e. panties, underwear of their victims, or other child victim's articles of clothing) and store them in unusual locations (i.e. girls panties under bed

6

Evans_4252
Evans_4589

area behind her home (still in Montgomery County, Maryland) and engaged in anal sex whereby S1 inserted his penis into the anus of V1.

S1 and V1 continued to communicate until the discovery of their relationship by V1's step-mother.

Further investigation revealed that S1's phone number used to communicate with V1, 410-609-3306, came back to a service provided through an application called Textplus. Among the subscriber information obtained from this account was IP Address 173.69.210.140, administered through Verizon Online.

During their communications S1 told V1 he was 27 years old. V1 stated S1 looked between 25-29 years old. S1 went by the name of "Rodney". On February 18, 2016, your Affiant conducted a Google search of "Roddanger86" and "Craigslist". The search results revealed multiple broken URL links to previous Craigslist.com ads with the oldest going back to 2014. The Craigslist ads had several similarities. They were generally seeking young girls for model jobs for cash and if interested to hit [the poster] up on Kik "Roddanger86"/"roddanger86".

On February 19, 2016 your Affiant received subpoena results from a IP Address 173.69.210.140 administered through Verizon Online. The IP Address, associated with the use of the Textplus account, came back to a Roy Evans of 5 Woods Ct, Essex MD 21221. Your Affiant queried the Maryland Motor Vehicle Administration for white male's with the name "Roy Evans". One listing came back to a Roy David Evans, Jr., a white male with a date of birth of September 6, 1984 with a height listed as 5'11 and weight listed as 180.

4

Evans_4590

B.    I am applying for the search and seizure warrant to search the above noted

premises and to search for evidence there for the crimes of Child Pornography Possession

in violation of Criminal Law Article 11-208 and Third Degree Sex Offense in violation of

Criminal Law Article 3-307.

C.    To be seized:  See Attachment A.

D.    The following information is given in support of this application:

Beginning some time near the beginning of June 2015 and continuing

through January 2016, a 14-year-old female, herein referred to as V1, had a

relationship with a subject, later identified as Roy David Evans, Jr., a white male

with a date of birth of September 6, 1984, herein referred to as S1.

In June 2015, V1 replied to a Craigslist ad soliciting young models that

encouraged them to contact the Craigslist poster on their Kik at "Roddanger86".

V1 contacted S1 over Craigslist through email and Kik. When S1 asked her age,

V1 stated she was 14 years old.  During their relationship, frequent

communications occurred between V1 and S1 over Craigslist using emails,

through Kik, and by cellular phone.

Sometimes at the request of S1 and sometimes on her own, V1 would send

digital videos from her residence of herself masturbating and nude digital videos

or digital images of herself.  She sent these to the suspect through their Kik

accounts.  Through your Affiants training, knowledge, and experience, these

videos would be classified as child pornography under Maryland law.  The

suspect's Kik account was Roddanger86.  She also sent several to the suspect's

cellular phone number 410-609-3306.  V1 also communicated with him over her

Evans_4591

Evans_4592



Department of Police
Montgomery County, Maryland

**SEARCH INVENTORY**

MCP 558
Rev. 01/08

Page 4 of 4

| Item # 10 | Primary Location: Basement |
|---|---|
| | Specific Location: on TV stand |
| | Description of Item(s) Seized: XBox one 0420422244448 |

| Item # 11 | Primary Location: inside blue Ford mustang |
|---|---|
| | Specific Location: glove compartment |
| | Description of Item(s) Seized: Garmin GPS Nuvi SN 2EW169136 model 2535Lm |

| Item # | Primary Location: |
|---|---|
| | Specific Location: |
| | Description of Item(s) Seized: |

Function Code: 611
CALEA: 74.3.1
Proponent Unit: FSB and ISB Admin.

Preparer's Initials

Distribution
Original: Issuing Judge
Yellow: Officer
Pink: Recipient

Evans_4593

Evans_4160



Department of Police
Montgomery County, Maryland

MCP 560
Rev. 02/08

# SEARCH WARRANT INVENTORY
# REPORT AND RETURN

The attached list constitutes an official inventory of items seized from
_Warfield Air National Guard_

_2701 Eastern Blvd Building 4200 Middle River, MD_ ,
(Location or Item Searched)

as a result of a District/Circuit Court Search Warrant being executed by the Montgomery County

Department of Police on _2/24/16_      at _2:42_      a.m./~~p.m~~
(Date)                (Time)

This search warrant inventory was prepared by Officer _Onorio_ in the

presence of Officer _Harris_ , Montgomery County Department of Police.

I hereby acknowledge receipt of a copy of the attached inventory as presented to me by ~~Officer~~

_D/CPL Richard Harris_ , of the Montgomery County Department of Police.

_MICHAEL LARSEN 24 FEB 2016_       _1507 hrs_
(Signature of Recipient)            (Date)             (Time)

☐ Check box if location of search warrant was unoccupied and a copy was left in a conspicuous
location.

# THE SECTION BELOW TO BE COMPLETED ONLY ON OFFICIAL
# RETURN TO JUDGE

~~I swear that this inventory is a true and detailed account of all the property taken by me on the warrant.~~
I solemnly affirm under the penalties of perjury that the contents
of the search warrant return is true to
the best of my knowledge, information,
and belief.                            Signature of Officer _POTO Dane Onorio_

Subscribed and sworn to and returned before me this _____ day of _____, _____.

_____
District/Circuit Court Judge in and for
Montgomery County, Maryland

Function Code: 611
CALEA: 74.3.1
Proponent Unit: FSB and ISB Admin.

Distribution
Original: Judge
Yellow:  Officer
Pink:    Recipient

Evans_4259
Evans_4594

Outlook

🔍      ⊕ New  | ∨      🗑 Delete      📥 Archive      Junk  | ∨      Sweep      Move to ∨      Categories ∨      ⋯

# Complete Paperwork for Search Warrants on Evans Residence and Work

OD      **Onorio, Dane**
        3/23/2016
        Gary Everngam <Gary.Everngam@mdcourts.gov>  ⋁

Sent Items

Gotcha! No problem, just double checking 😜

Detective Dane Onorio
Montgomery County Department of Police
Special Victims Investigations Division
Child Exploitation Unit
Internet Crimes Against Children Task Force
7300 Calhoun Place
Suite 300
Rockville, MD 20850

O:240-773-5400
D:240-773-5434
C:240-876-6658 *preferred method

GE      **Gary Everngam** <Gary.Everngam@mdcourts.gov>
        3/23/2016

≫       Det. I don't need to sign the return. The only document the judge needs to sign is the warrant.

Gary G Everngam
Judge, District Court of Maryland
191 E. Jefferson St
Rockville, Maryland 20850
Temp.  Number 410 260 1036



OD      **Onorio, Dane**
        3/23/2016

I looked at the PDFs attached to this.  On my end it's not showing any type of signature from you on the return page.

Detective Dane Onorio
Montgomery County Department of Police
Special Victims Investigations Division
Child Exploitation Unit
Internet Crimes Against Children Task Force
7300 Calhoun Place
Suite 300
Rockville, MD 20850

O:240-773-5400
D:240-773-5434
C:240-876-6658 *preferred method

Evans_4595